THE STATE OF NEW JERSEY, DEFENDANT, v. THOMAS PARKER SMITH, PROSECUTOR.

Argued January 20, 1948—Decided May 10, 1948.

Before Justices Donges, Colie and Eastwood.

For the prosecutor, *Joseph Bult.*

For the defendant, *Edward Cohn* and *H. Russell Morss, Jr.*

The opinion of the court was delivered by

Donges, J. Prosecutor is confined in Rahway Reformatory upon conviction and sentence on an indictment charging attempted larceny of a motor vehicle on January 13th, 1947. The indictment was presented by the grand jury on June 4th, 1947. On September 25th, 1947, he was tried and found guilty, and on October 16th, 1947, was sentenced to the Rahway Reformatory. Application was made on November 6th, 1947, to the Union County Court of Common Pleas for

a writ of *habeas corpus* to review the conviction, which application was denied. Prosecutor seeks *certiorari* to review the action of the Judge of the Common Pleas Court in denying the writ of *habeas corpus*. It is urged that the court was without jurisdiction to try the case and that the judgment of guilty is null and void.

The record presented is very meager. The record presented to the Common Pleas Court is not submitted; the only matter submitted for consideration is an affidavit of prosecutor. He asserts that he did not have a fair trial because time was not afforded for an opportunity to discuss the matter with his counsel and prepare for trial. It appears that over eight months elapsed between his arrest and trial, during which time he was released on bail. He entered a plea of not guilty on June 12th, when he was informed the indictment would be moved for trial during the week of September 15th, 1947. He was then represented by counsel who represented him at the trial.

It appears clear from the record before us that the Court of Quarter Sessions of Union County had jurisdiction to render the judgment of conviction. The only challenge is as to the alleged error in the conduct of the trial. The record does not sustain such a claim, but if it did, the remedy is by appeal or writ of error. *In re Hall,* 94 *N. J. Eq.* 108.

*In re Scridlow,* 124 *N. J. L.* 342, holds, "If there was any error in the judgment under attack it did not stem from lack of jurisdiction. If the court erred in imposing the sentence, or if there was abuse of discretion, that is a matter that may not be reviewed by a writ of *habeas corpus*. An appeal should have been taken within the statutory period. *State* v. *Osborne,* 79 *N. J. Eq.* 430. A review by *habeas corpus* may, of course, be had where there was a failure of jurisdiction. See *In re Marlow,* 75 *N. J. L.* 400."

We conclude, therefore, that the application for this writ must be, and it is denied.